## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1866 | **DATE** | 4/15/08 |
| **CASE TITLE** | Jermaine Walker (B-52757) vs. Sheriff of Cook County, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff is directed to clarify whether it his intent to: (1) file a claim in the class action suit *Jackson v. Sheriff of Cook County, et al.*, Case No. 06 C 0493 (N.D. Ill.), or (2) "opt out" of the class of plaintiffs in *Jackson* and pursue this separate and independent lawsuit. Failure to respond within 30 days of the date of this order will result in summary dismissal of this case, without prejudice to filing a claim in *Jackson, supra*.

■ [**For further details see text below.**]                                    Docketing to mail notices.

### STATEMENT

    Plaintiff, Jermaine Walker, currently an inmate at Hill Correctional Center, was previously incarcerated at Cook County Jail. He has filed, pro se, a 42 U.S.C. § 1983 action against the Cook County Sheriff and the Cook County Board President. Plaintiff asserts that his constitutional rights were violated when he was required to submit to a non-consensual penis swab in February of 2004 when incarcerated at Cook County Jail.

    Before assessing a filing fee and conducting a preliminary review, the Court must confirm whether Plaintiff intended to bring a separate lawsuit, rather than filing a claim in a class action lawsuit involving the same claim by other Cook County Jail inmates. The Court notes that on December 6, 2007, Judge Coar of this district extended the deadline for filing claims in the class action suit *Jackson v. Sheriff of Cook County, et al.*, Case No. 06 C 0493 (N.D. Ill.). Although the date for claims in that action closed on March 31, 2008, plaintiff signed the complaint in the instant case on March 18, 2008. It is possible that Plaintiff intended to file a claim form in Case No. 06 C 0493 rather than opting out of the class and initiating his own, separate lawsuit. If that is the case, then Plaintiff should so advise the Court. Before pursuing this independent action, Plaintiff may wish to contact attorney Kenneth Flaxman, 200 South Michigan Ave., Suite 1240, Chicago, Illinois 60604-6107, (312) 427-3200, to determine if Plaintiff wants to and is able to join the class action. Mr. Flaxman is class counsel in *Jackson*.
**(CONTINUED)**

isk

**STATEMENT (continued)**

    Accordingly, Plaintiff is directed to clarify whether he intends to: (1) file a claim in the class action suit *Jackson v. Sheriff of Cook County, et al.*, Case No. 06 C 0493 (N.D. Ill.), or (2) opt out of the class established in *Jackson* and pursue this separate and independent lawsuit. If Plaintiff chooses to pursue this separate lawsuit, the Court will assess an initial partial filing fee and order Plaintiff's trust fund officer to begin making monthly deductions from Plaintiff's account toward payment of the $355.00 filing fee in accordance with 28 U.S.C. § 1915. The Court will then conduct a preliminary review to determine whether Plaintiff states a valid claim to allow the case to proceed forward. *See* 28 U.S.C. § 1915A. Plaintiff may want to research the statute of limitations applicable to § 1983 actions in Illinois to determine if his current claim is timely. *See* 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001) (generally, the limitations period in Illinois for filing a § 1983 claim is two years).

    Failure to respond to this order within 30 days of the date of this order may be construed as Plaintiff's desire not to proceed with this case, and will result in summary dismissal of this case, without prejudice to filing a claim in *Jackson, supra*.