# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1866 | **DATE** | 6/30/2008 |
| **CASE TITLE** | Jermaine Walker (B-52757) vs. Sheriff of Cook County, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is denied. Plaintiff is given 30 days from the date of this order to: (1) pay the $350 filing fee, and (2) show cause why his complaint should not be dismissed as untimely. Failure to comply with this order will result in dismissal. Plaintiff's motion for the appointment of counsel [4] and Plaintiff's letter to the court, which states that he wants to proceed with the instant suit [7] are denied without prejudice.

■ [For further details see text below.]                                                                 Docketing to mail notices.

## STATEMENT

    Plaintiff's motion for leave to file *in forma pauperis* is denied for lack of a sufficient showing of indigence. Plaintiff's financial affidavit reveals that, at the time he filed this action, he had a balance of $1,337.00 and an average monthly balance of $1,732.00 in his prison trust fund account. Because Plaintiff is a prisoner for whom the state provides the necessities of life, such assets do not qualify him for pauper status. *See* 28 U.S.C. § 1915(b); *see also Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999); *Lumbert v. Illinois Dep't. of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987); *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980). Plaintiff is financially able to pay the $350 filing fee and must do so if he wishes to proceed with this action. He may pay by check or money order made payable to Clerk, United States District Court. If Plaintiff does not pay the filing fee within 30 days of the date of this order, the court shall enter judgment dismissing this case. *See Brekke v. Morrow*, 840 F.2d 4, 5 (7th Cir. 1988).

    Additionally, the face of Plaintiff's complaint indicates that it is time-barred. Plaintiff seeks damages for having undergone a penis swab in February of 2004 when he was admitted into Cook County Jail. He filed his complaint, at the earliest, on March 18, 2008. The statute of limitations for claims under 42 U.S.C. § 1983 in Illinois is two years. *See Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Before finally dismissing the case, however, the court will give Plaintiff an opportunity to show why his claim may be considered timely. *See Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002) (dismissal of complaint based upon an affirmative defense is appropriate if it is clear from the face of the complaint that such a defense applies). Plaintiff has 30 days from the date of this order to show cause why his action should not be dismissed as untimely.

| | Courtroom Deputy Initials: | isk |
|---|---|---|