## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1866 | **DATE** | 8/13/08 |
| **CASE TITLE** | Jermaine Walker (B-52757) vs. Sheriff of Cook County, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's second motion for leave to file *in forma pauperis* [10] and his motion for the appointment of counsel [11] are denied. Plaintiff is given an additional 21 days from the date of this order to pay the $350 filing fee. Failure to comply with this order will result in dismissal of this case without prejudice.

■ [For further details see text below.]　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

### STATEMENT

　　Plaintiff's second motion for leave to file *in forma pauperis* is denied. The Court has already ruled on the *in forma pauperis* motion submitted with Plaintiff's complaint. Also, the second *in forma pauperis* application confirms that Plaintiff had an average monthly balance over $1,400 during the six-month period prior to filing the instant case. that he had a balance of $1,341.25 at the time he filed this case, and that he has a current balance of $556.08 at the time he filed the most recent *in forma pauperis* application. Such assets do not qualify him as a pauper. *See* 28 U.S.C. § 1915(a); *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir.1997), *rev'd on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir.2000) (courts should look to either the greater of the average monthly deposit or balance when making an *in forma pauperis* determination, and the spending of funds does not alleviate the obligation to pay the filing fee); *see also Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999); *Lumbert v. Illinois Dep't. of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987); *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980) (the state affords prisoners the basic necessities of life and, thus, a prisoner with sufficient funds to pay the filing fee must do so). Plaintiff is financially able to pay the $350 filing fee and must do so if he wishes to proceed with this action. He may pay by check or money order made payable to Clerk, United States District Court. If Plaintiff does not pay the filing fee within 21 days of the date of this order, the court shall enter judgment dismissing this case. *See Brekke v. Morrow*, 840 F.2d 4, 5 (7th Cir. 1988).

　　Additionally, the Court notes that Plaintiff has responded to the Court's request to show cause why his complaint should not be dismissed as time barred. [9] The issue of timeliness of Plaintiff's complaint remains unclear, even if the two-year limitations period was tolled between the time that the class action suit, *Jackson v. Sheahan,* No. 06-496, was filed (January 21, 2006) and Plaintiff's opting out of the class in October 2007. *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). Nevertheless, the Court will not require at this time that Plaintiff further demonstrate that his complaint is timely.

isk