IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jermaine Walker (B-52757), | ) |
| Plaintiff, | ) |
| v. | ) Case No. 08 C 1866 |
| | ) Judge Elaine E. Bucklo |
| Sheriff of Cook County, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jermaine Walker (B-52757), currently incarcerated at the Hill Correctional Center, filed a 42 U.S.C. § 1983 action against the Sheriff of Cook County ("Defendant"). Plaintiff alleges that he was subjected to an unconstitutional penis swab when he was admitted as an inmate at the jail on May 29, 2004. Defendant has filed a motion to dismiss and contends that Plaintiff's complaint filed in 2008 is time-barred. (Def.'s Motion to Dismiss, Docket Entry ("DE") #30.) Plaintiff has responded to the motion. (Pl.'s Response, DE #37.) For the following reasons, the motion is granted, and Plaintiff's complaint is dismissed as time-barred.

## I.  STANDARD OF REVIEW

When considering a motion to dismiss, this Court assumes true all well-pleaded allegations and views the alleged facts, as well as any inferences reasonably drawn therefrom, in a light most favorable to the plaintiff. *Erickson v. Pardus,* 127 S. Ct. 2197, 2200 (2007); *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits, or determine a plaintiff's ability to succeed on his claims. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996).

Under the notice pleading requirement of Fed. R. Civ. P. 8(a), a complaint need only state a federal claim and provide the defendants sufficient notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). However, the allegations of a complaint must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 -77 (7th Cir. 2007).

The dismissal of a complaint as time-barred is an affirmative defense and, thus, not usually a ground upon which the complaint can be dismissed by a motion to dismiss. However, "a complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face." *Jones v. Bock*, 549 U.S. 199, 215 (2007) (citation and internal quotation marks omitted); *see also Walker v. Thompson*, 288 F.3d 1005, 1010-11 (7th Cir.2002) ("when the existence of a valid affirmative defense is so plain from the face of the complaint," the prisoner's complaint may be dismissed). If a plaintiff's pleadings demonstrate that he has no claim, he may have pleaded himself out of court. Therefore, if Plaintiff's complaint and accompanying documents plead facts that demonstrate that his case is time-barred, his complaint may be dismissed. *Jones*, 549 U.S. at 215; *Walker*, 288 F.3d at 1010-11; *see also McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

## II. FACTS

The pleadings in this case, viewed in a light most favorable to Plaintiff, show the following. Plaintiff was admitted into the Cook County Jail on May 29 and 30, 2004, as a pretrial detainee. (Pl.'s More Definite Statement, DE # 33, ¶ 6 (Plaintiff states that he was admitted on May 29th and then re-admitted on May 30).) During the admission process, Plaintiff was subjected to a non-consensual

insertion of a swab into his penis. (Amended Complaint, DE #18, ¶ 9.) The penis swab was conducted in accordance with an official jail policy. (*Id.* at ¶ 11.)

On January 27, 2006, another inmate, Robert Jackson, filed a suit challenging the Cook County Jail's penis swabbing policy for inmates entering the jail. *See Jackson v. Sheriff of Cook County*, No. 06 C 493. On December 14, 2006, Judge David Coar granted class certification to "all male prisoners at the Cook County Jail who, on and after January 27, 2004, was [sic] subjected to the non-consensual insertion of a swab into his [sic] penis as part of his admission to the jail." *Jackson*, No. 06 C 493 (Order of Dec. 14, 2006). As a member of the class, Plaintiff had the choice to proceed with the *Jackson* suit or opt out. (Pl.'s Response to Motion to Dismiss, DE #37, ¶ 7 (Plaintiff states that he received two forms in September 2007 – a claim form and an opt-out form).) Plaintiff chose to opt out, which he did on either September 17, 2007, September 25, 2007, or, at the latest, October 8, 2007. In response to this Court's request for additional information in its initial-review order, Plaintiff forwarded an Emergency Letter and included both handwritten and prepared opt-out forms which Plaintiff signed on September 17, 2007, and September 25, 2007. (Pl.'s Emergency Letter, DE # 7, Exhs. A and B). The handwritten form, dated September 17, is stamped "Returned" by this Court with a date of September 21, 2007. (*Id.* at Exh. A.) The prepared opt-out form is dated September 25, 2007, and states that the form had to be sent to the Claims Administrator by October 8, 2007. (*Id.* at Exh. B.) Plaintiff states that he definitely opted out by October 8, 2007, ( Pl.'s More Definite Statement, DE # 33, ¶ 7), and this Court, viewing the facts in a light most beneficial to Plaintiff, will use October 8, 2007, as the date he opted out of the *Jackson* class.

Plaintiff filed the complaint in this case on either March 5, 2008, or March 25, 2008. (Pl.'s Response to Motion to Dismiss, DE # 37, ¶ 11) (he states that he mailed his complaint on March 5,

2008); *but see* Pl.'s More Definite Statement, DE # 33, ¶ 9 (Plaintiff states that he filed his complaint on March 25, 2008).) The Court will view the facts in a light most favorable to Plaintiff and use March 5, 2008, as the complaint's filing date.

### III. ANALYSIS

Because no federal statute of limitations governs 42 U.S.C. § 1983 actions, federal courts look to the forum state's statute of limitations period and tolling rules for similar claims. *Jenkins v. Village of Maywood*, 506 F.3d 622, 623-24 (7th Cir. 2007). In Illinois, the statute of limitations for personal injury claims is two years. *Jenkins*, 506 F.3d at 623. Although state law governs the length of the limitations period, federal law governs the accrual date of the cause of action. *See Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). Plaintiff's assertion of an illegal penis swab may be characterized as a claim of either an illegal search or excessive force; but either way, the date the swabbing occurred controls the accrual date of Plaintiff's case and the date the limitations period began. *See Copus v. Edgerton*, 151 F.3d 646, 649 (7th Cir. 1998); *Gonzalez v. Entress*, 133 F.3d 551, 553-55 (7th Cir. 1998). The pleadings indicate that the penis swab performed on Plaintiff occurred either on May 29 or 30, 2004.

With respect to the tolling effect of the filing of a class action, Illinois follows the rules announced by the Supreme Court in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350 (1983). *See Portwood v. Ford Motor Co.*, 183 Ill.2d 459, 462-463, 701 N.E.2d 1102, 1103 (Ill. 1998). In *American Pipe*, the Court held that the filing of a class action in federal district court tolls the running of the limitations period for all purported members of the class who timely sought to intervene after the district court found the suit inappropriate for class action status. *American Pipe*, 414 U.S. at 553. The Supreme Court then indicated that

*American Pipe* applies for class members who opt out of the class and bring a separate suit. *See Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 176 n.13 (1974); *Crown, Cork & Seal,* 462 U.S. at 350-52. In *Portwood,*, the Illinois Supreme Court determined that, although a class action suit in federal court tolls the limitations period for subsequent suits filed in federal court, a federal class action does not toll the limitations period for cases subsequently filed in state court. *Portwood*, 701 N.E.2d at 1104.

Thus, according to the tolling rules of Illinois, the limitations period for Plaintiff's instant suit was tolled by the filing of a class action in *Jackson*, No. 06 C 493. The tolling stopped when Plaintiff opted out of that case to file a separate suit.

Plaintiff's cause of action in this case accrued, at the latest, on May 30, 2004, when his penis swabbing was performed as part of his admission process into the Cook County Jail. (*See* Pl.'s More Definite Statement, DE # 33, ¶ 6.). The class action in *Jackson*, began on January 27, 2006, when Robert Jackson, through counsel, filed a complaint. *See Jackson*, No. 06 C 493. Plaintiff was a member of the class created in *Jackson*, because he was "subjected to the non-consensual insertion of a swab into his [sic] penis as part of his admission to the jail" after January 27, 2004. *Jackson*, No. 06 C 493 (Order of Dec. 14, 2006). At the time the *Jackson* suit was filed, 607 days (May 30, 2004 to January 27, 2006) of Plaintiff's two-year (730-day) limitations period had run. Left remaining in his limitations period was 123 days. Plaintiff opted out of the *Jackson* class no later than October 8, 2007. (Pl.'s More Definite Statement, DE # 33, ¶ 7.) He had 123 days from October 8, 2007, which is February 8, 2008, to timely file suit. At the earliest, Plaintiff filed his complaint in this case on March 5, 2008, when he states he mailed it. (Pl.'s Response to Motion to Dismiss, DE # 37, ¶ 11.) Viewing all dates in a light most favorable to Plaintiff, he filed his complaint after the expiration of the statute of limitations. His complaint is time-barred.

## CONCLUSION

Plaintiff filed his complaint, even viewing all dates in his favor, after the statue of limitations expired. Defendant's motion to dismiss is granted. Plaintiff's complaint and amended complaint are dismissed as time-barred. This case is terminated.

ENTER:

_____
Elaine E. Bucklo
United States District Judge

**DATED: March 27, 2009**